# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

POAG & MCEWEN LIFESTYLE CENTERS, LLC,

    Plaintiff,

v.                                                                     No. _____

WESTCHESTER FIRE INSURANCE COMPANY,        JURY TRIAL DEMANDED

    Defendant.

## COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, AND BAD FAITH

Plaintiff, Poag & McEwen Lifestyle Centers, LLC ("PMLC"), complains against Defendant, Westchester Fire Insurance Company ("Westchester"), as follows:

### PARTIES, JURISDICTION AND VENUE

1. PMLC is a Delaware limited liability company with its principal place of business in Memphis, Tennessee.

2. Westchester is an insurance company domiciled and whose principal place of business is in Pennsylvania. Westchester is an admitted insurer in Tennessee, it regularly transacts business in the Western District of Tennessee, and it may be served with process through its statutory agent, the Tennessee Department of Commerce and Insurance.

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has personal jurisdiction over Westchester because it does business in the Western District of Tennessee and it intentionally

availed itself of the privilege of doing business in this district by issuing the insurance policy which is the subject matter of this suit to PMLC in this district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the insurance policy at issue in this case was issued in this district and a substantial part of the events and omissions giving rise to PMLC's causes of action occurred in this district.

## FACTS

4. PMLC was involved in all aspects of the shopping center business.

5. To protect itself against liability which might arise in connection with that business, PMLC purchased liability insurance. Its reasonable expectation when purchasing that insurance was that if it were sued, the insurer issuing the insurance would defend and indemnify it against that suit.

6. On or about February 26, 2011, PMLC paid $25,844.40 in premium and commission and Westchester issued to PMLC ACE EXPRESS Private Company Management Indemnity Package Policy No. DON G25011867 002 for the Policy Period February 26, 2011 to February 26, 2012 (the "Policy"). A copy of the Policy is attached hereto and incorporated herein by reference as Exhibit A. The Policy provides Director & Officer and Company coverage. This suit involves the Company coverage. The Policy provides $5 million of Company coverage after PMLC absorbs a $50,000 retention.

7. During the Policy Period, on or about May 27, 2011, PMLC was sued in Larimer County Colorado District Court in Fort Collins, Colorado (the "Suit"). A copy of the Suit is attached hereto and incorporated herein by reference as Exhibit B. The Suit made allegations and sought damages in connection with a shopping center which was called the Promenade Shops at Centerra.

8.     Because the Suit allegations triggered Westchester's duty to defend and indemnify PMLC, PMLC through its broker Marsh USA, Inc. ("Marsh"), gave notice and a copy of the Suit to Westchester on or about June 1, 2011.  A copy of PMLC's notice to Westchester is attached hereto and incorporated herein by reference as Exhibit C.

9.     Westchester, through its agent ACE North American Professional Risk Claims, acknowledged receipt of PMLC's June 1, 2011 claim notice by letter dated June 8, 2011.  A copy of Westchester's claim acknowledgment is attached hereto and incorporated herein by reference as Exhibit D.

10.    After acknowledging PMLC's claim on June 8, 2011, Westchester did not defend PMLC against the Suit, reserve its rights, deny PMLC's coverage claim, file a declaratory judgment action or otherwise communicate with PMLC about the claim until over five years later, on or about September of 2016.

11.    Between September of 2016 and November 10, 2016, Westchester continued to refuse to defend PMLC against the Suit, or do anything else with respect to PMLC's coverage claim.  On November 10, 2016, PMLC made demand on Westchester to pay $1,268,150.79 in defense costs PMLC had incurred defending the Suit and to defend PMLC in the Suit moving forward.  A copy of that demand is attached hereto and incorporated herein by reference as Exhibit E.

12.    Between November 10, 2016 and January 11, 2017, Westchester continued to refuse to defend PMLC against the Suit, or do anything else with respect to PMLC's coverage claim. On January 11, 2017, five years and six months after acknowledging receipt of PMLC's coverage claim, Westchester denied the claim.

13. Because Westchester ignored PMLC's coverage claim from June 8, 2011 through January 11, 2017, PMLC was forced to defend itself against the Suit. As of the filing date of this Complaint, PMLC has paid $2,236,834.00 in attorneys' fees and expenses defending itself against the Suit. The Suit is currently set to be tried in June of 2017, and PMLC will incur significant additional attorneys' fees and expenses through trial and all appeals.

## COUNT I

## DECLARATORY JUDGMENT

14. PMLC incorporates herein by reference the allegations of paragraphs 1 through 13 of this Complaint.

15. An actual and justiciable controversy presently exists between PMLC and Westchester concerning Westchester's failure and refusal to defend and indemnify PMLC against the Suit. PMLC's interest in the Court determining its rights under the Policy is direct, substantial and immediate.

16. PMLC is entitled to a declaratory judgment under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that 1) Westchester is obligated to immediately reimburse to PMLC the $2,236,834.00 in attorneys' fees and expenses PMLC has paid to date defending itself against the Suit, less PMLC's $50,000.00 retention; 2) Westchester is obligated to pay the attorneys' fees and expenses PMLC incurs in the future defending itself against the Suit through trial and all appeals; 3) Westchester is obligated to indemnify PMLC for any settlement reached or judgment rendered in the Suit; and 4) because it ignored PMLC's coverage claim under the Policy for five years and six months, Westchester is estopped and otherwise precluded from a) denying its duty to defend PMLC against the Suit; b) denying its duty to indemnify PMLC for any settlement

4

reached or judgment rendered in the Suit; and c) relying on any Policy provisions to avoid its defense and indemnify obligations.

## COUNT II

## BREACH OF CONTRACT

17.     PMLC incorporates herein by reference the allegations of paragraphs 1 through 13 of this Complaint.

18.     PMLC paid Westchester $25,844.40 in premium and commission for the Westchester Policy.  Despite the fact that the Policy obligates Westchester to defend PMLC against the Suit and indemnify PMLC for any settlement reached or judgment rendered in the Suit, Westchester breached the Policy by ignoring PMLC's notice of the Suit for five years and six months and then denying a defense and indemnity to PMLC, and by failing and refusing to pay the attorneys' fees and expenses PMLC has incurred defending itself against the Suit which to date total $2,236,834.00.  Those breaches have proximately caused actual damages to PMLC to date of $2,236,834.00, less PMLC's $50,000.00 retention, but those damages will increase as defense fees and expenses increase through trial and all appeals of the Suit and to the extent any settlement is reached or judgment is rendered in the Suit.  PMLC is also entitled to punitive damages, for Westchester's breach of the Policy because, despite the fact that Westchester owed its insured PMLC the duty of utmost good faith and fair dealing, Westchester maliciously breached the Policy and engaged in egregious misconduct by ignoring PMLC for five years and six months leaving PMLC to pay millions of dollars to defend itself against the Suit which Westchester was obligated to defend from the day it received notice of the Suit on June 1, 2011. PMLC is entitled to at least $6.5 million in punitive damages which amount will increase as

defense fees and expenses increase through trial and all appeals of the Suit and to the extent a settlement is reached or judgment is rendered in the Suit.

## COUNT III

## STATUTORY BAD FAITH

19. PMLC incorporates herein by reference the allegations of paragraphs 1 through 13 of this Complaint.

20. On November 10, 2016, formal demand was made on Westchester to pay the attorneys' fees and expenses PMLC had paid as of that date to defend itself against the Suit. Westchester failed and refused to pay that amount or any amount within sixty days of that demand and continues to fail and refuse to pay any amount or otherwise defend PMLC in the Suit.

21. In addition to PMLC's loss, which currently totals $2,236,834.00, less PMLC's $50,000.00 retention, but which amount will increase through trial and all appeals of the Suit and to the extent any settlement is reached or judgment is rendered in the Suit, and interest on that loss, Westchester is liable to PMLC under Tenn. Code Ann. § 56-7-105 for 25% of the loss in the amount of at least $546,708.50 which amount will increase through trial and all appeals of the Suit and to the extent any settlement is reached or judgment is rendered in the Suit. That amount will also increase as PMLC incurs attorneys' fees and expenses in this action.

## PRAYER FOR RELIEF

WHEREFORE, PMLC prays for the following relief:

A. That process issue and Westchester be made to appear and answer this Complaint;

B. That a jury be impaneled to try the issues of fact when joined;

      C.     That the Court enter a declaratory judgment in PMLC's favor against Westchester that:

          1.    Westchester is obligated to immediately reimburse to PMLC $2,236,834.00 in attorneys' fees and expenses PMLC has incurred to date defending itself against the Suit, less PMLC's $50,000.00 retention;

          2.    Westchester is obligated to pay the attorneys' fees and expenses PMLC incurs in the future defending itself against the Suit through trial and all appeals;

          3.    Westchester is obligated to indemnify PMLC for any settlement reached or judgment rendered in the Suit; and

          4.    Because it ignored PMLC's coverage claim under the Policy for five years and six months, Westchester is estopped and otherwise precluded from a) denying its duty to defend PMLC against the Suit; b) denying its duty to indemnify PMLC for any settlement reached or judgment rendered in the Suit; and c) relying on any Policy provision to avoid its defense and indemnity obligations concerning the Suit.

      D.     That the Court enter judgment in PMLC's favor against Westchester for actual damages in the amount of at least $2,236,834.00, less PMLC's $50,000.00 retention, which amount will increase as defense fees and expenses increase through trial and all appeals of the Suit and to the extent settlement is reached or judgment is rendered in the Suit, for Westchester's breach of contract;

      E.     That the Court enter judgment in PMLC's favor against Westchester for punitive damages of at least $6.5 million, which amount will increase as defense fees and expenses increase through trial and all appeals of the Suit and to the extent any settlement is reached or judgment is rendered in the Suit, for Westchester's malicious and egregious breach of contract;

      F.     That the Court enter judgment in PMLC's favor against Westchester for bad faith under Tenn. Code Ann. § 56-7-105 in the amount of at least $546,708.50, which amount will increase as defense fees and expenses increase through trial and all appeals of the Suit and to the extent a settlement is reached or judgment is rendered in the Suit, and will also increase as PMLC incurs attorneys' fees and expenses in this action;

G.      That the Court enter judgment in PMLC's favor against Westchester for all attorneys' fees and expenses incurred in this action in an amount to be proven at trial;

H.      That the Court enter judgment in PMLC's favor against Westchester for pre-judgment and post-judgment interest, court costs and discretionary costs, in an amount to be proven at trial, and

I.      That the Court enter judgment in PMLC's favor against Westchester for all other legal, equitable, general and specific relief to which PMLC may be entitled.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By:     /s/Larry H. Montgomery
        Larry H. Montgomery (#9579)
        Jeremy G. Alpert (#19277)

6000 Poplar Avenue, Suite 400
Memphis, Tennessee  38119
Telephone:  (901) 525-1322
Facsimile:  (901) 525-2389
E-Mail:  lmontgomery@glankler.com
         jalpert@glankler.com

*Attorneys for Poag & McEwen Lifestyle Centers, LLC*

4826-6036-6408, v.  1